Tony John **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43575.

Court of Criminal Appeals of Texas.

March 31, 1971.

Rehearing Denied June 2, 1971.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft with the punishment assessed at six years.

We shall first consider appellant's challenge to the sufficiency of the evidence to sustain the conviction.

 Mrs. Hazel G. Simmons testified that her home at 2124 Broadway in the city of Lubbock was broken into on July 26, 1969, while she was away from home. She related that a northeast bedroom window was broken, a shutter badly damaged and a door on the garage leading to a room above was ajar and damaged and that she did not give the appellant nor anyone else permission to break and enter her house which was in a neat condition when she departed. She did not find anything missing.

A neighbor, Mrs. Josie Guzman, testified that shortly before noon on July 26 she heard glass breaking and saw a boy squatting down hiding with "a metal thing" near the Simmons house and then saw him break more glass out of the north window. She called Mrs. Sierra, a relative who lived in the downstairs apartment, and Mrs. Sierra and her husband came upstairs. Mrs. Guzman testified at one time that she saw the boy enter the Simmons' house and another time that she only saw him coming out. She later described his flight from the scene.

Mrs. Sierra testified she heard glass breaking and saw the boy going "in and out" of the house in question.

Both she and Mrs. Guzman related the boy was "Spanish," and described his clothing, height, weight, etc., and stated that he was the same boy the officers returned to the scene a few minutes after his flight and transferred from a police car to a paddy wagon. Neither made an in-court identification of the appellant.

Quinn Brackett, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., and Troy C. Hurley, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., Austin, for the State.

Lubbock Police Officer Pierson, responding to the call, testified he saw the appellant Gonzales squatting beside a fence near the scene of the burglary and that appellant fled upon his approach. He was apprehended in his flight by other officers who were nearby who had also arrived in response to the call. These officers identified the appellant as the man they arrested and returned to the scene where they transferred him from a patrol car to a paddy wagon. Their description of his clothing, height, weight, body build, etc., was the same as that of the witnesses Guzman and Sierra.

Officer Pierson revealed he examined the house in question and determined entry had been made through the north window, the house had been ransacked, bureau drawers pulled open, "stuff knocked over," costume jewelry "picked up and moved around," etc.

The appellant did not testify or offer any evidence.

The court charged on the law of circumstantial evidence. Viewed in the light most favorable to the jury's verdict, we conclude that the evidence was sufficient to support that verdict.

■ As to inconsistencies in the testimony of some witnesses, i. e., the height of a fence in Simmons' back yard and whether a person could jump the same, etc., it must be remembered that the jurors are the exclusive judges of the facts, the credibility of the witnesses and the weight to be given their testimony. Article 36.13, Vernon's Ann.C.C.P.

■ The appellant complains of the State's failure to call "Dolores" Sierra, Mrs. Sierra's husband. Normally the State is not required to call every witness that may be available to it. Although the court charged on circumstantial evidence, we do not deem this case to be such an obviously weak circumstantial evidence case so as to call for the application of the rule set forth in 24 Tex.Jur.2d, Evidence, Sec. 745, p. 427. See Ysasaga v. State, Tex.Cr.App., 444 S.W.2d 305, 309 and cases there cited.

Appellant next complains because an assistant district attorney (who did participate in the trial) was permitted to testify that his (appellant's) general reputation for being a peaceful and law abiding citizen was bad.

■ It has been held that a prosecuting attorney may be a competent witness against an accused in a criminal case and give testimony as to his reputation. Beal v. State, Tex.Cr.App., 432 S.W.2d 94; Piraino v. State, Tex.Cr.App., 415 S.W.2d 416; O'Neal v. State, 106 Tex.Cr.R. 158, 291 S.W. 892.

■ It is appellant's complaint that this witness had only heard his (appellant's) reputation discussed in the local district attorney's office by law enforcement officers and other people who had come to such office and he had not heard the reputation discussed out in the community. He contends such testimony was only "office gossip." We do not deem the place where reputation is discussed as controlling in determining the admissibility of reputation testimony.

Next appellant urges the court erred in rejecting his offer of Defense Exhibit #1, a photograph supposedly taken from a back porch where an eye witness stood during the alleged offense.

■ On cross-examination the witness, Mrs. Josie Guzman, was handed the exhibit in question which admittedly was "kind of dark." She refused to identify it as a substantially accurate portrayal of the scene it was supposed to represent. After another photograph, Defense Exhibit #2, was introduced, the witness was asked to explain the difference in the two pictures. The record then reflects the following:

"A. This one was taken from Avenue V and that other one was taken from back of the alley, faces north.

"Q. From your porch, wasn't it?

"A. Not from my porch.

"Q. Well, from the porch of the garage apartment where you live?

"A. Yes.

"Q. Okay."

We cannot conclude that the above represented a sufficient predicate to authorize the admission of Defense Exhibit #1 and the trial court reversibly erred upon refusing its re-offer.

The introduction of photographic evidence lies within the sound discretion of the court. We perceive no error.

■ Still further, appellant contends the trial court erred in authorizing the jury to convict upon a finding that he entered the house in question with the intent to commit a felony, when the indictment charged burglary with intent to commit theft.

In the opening paragraph of the court's charge at the guilt stage of the trial the allegations of the indictment were recited. In the following paragraph the offense of burglary was defined in the exact words of Articles 1389 and 1390, Vernon's Ann. P.C., it being noted that burglary may be committed "with the intent in either case of committing a felony or the crime of theft."

Subsequently in its charge the court authorized the jury to convict in this case only upon a finding beyond a reasonable doubt that appellant broke and entered the house in question with the intent to commit theft "as charged in the indictment."

Under these circumstances appellant's reliance upon Phillips v. State, 142 Tex. Cr.R. 437, 154 S.W.2d 468, 469, is misplaced.

It is clear that the court followed the allegations in the indictment in submitting the intent with which the alleged entry was made and did not submit as a basis for conviction a theory that the entry was made with an intent which was not alleged.

■ Appellant also complains the court erred in failing to instruct the jury that mere presence of an accused near the scene of a burglary is insufficient to sustain a conviction. While the court did not respond to appellant's timely presented objection to the charge, we conclude that the charge as a whole, including the instructions on the law of circumstantial evidence, was sufficient to adequately protect appellant's rights. No reversible error is perceived.

■ Prior to trial the appellant requested that the jury assess the punishment in the event of a verdict of guilty. After such verdict appellant attempted to change such selection and requested that the court fix the penalty. The State refused, in accordance with the provisions of Article 37.07, V.A.C.C.P., 1967, to give its consent to such change, and the court overruled appellant's motion. No error is presented. Green v. State, Tex.Cr.App., 433 S.W.2d 435. See also Ortegon v. State, Tex.Cr. App., 459 S.W.2d 646.

■ We overrule without discussion appellant's contention advanced without authorities that he was denied his federal constitutional rights under the 4th, 5th, 6th and 14th Amendments when the same jury which had determined guilt was permitted to assess punishment.

Lastly, appellant contends the trial court "erred in instructing the jury as to the punishment in question before the jury had returned a verdict of guilty."

Appellant does not direct our attention to that portion of the record where he contends such instruction was given, and we have been unable to find any such instruction.

We note that appellant's objection to the court's charge at the guilt stage of the trial on this ground was overruled, but the charge contained in the record, approved without objection, does not include the objected to paragraph #5. If the jury was informed of the penalty attached to burglary as contended by the appellant, the court certainly did not authorize the jury to assess punishment at the guilt stage of the trial. Further, if such instructions were given, it would not appear to have injured the rights of the appellant or to have denied him a fair trial even though the case at bar was tried after the 1967 amendment to Article 37.07, supra, which eliminated the requirement that such instruction be given. Watts v. State, Tex.Cr.App., 430 S.W.2d 200.

Finding no reversible error, the judgment is affirmed.