Thomas Patrick McSHANE, Appellant,

v.

The STATE of Texas, Appellee.

David Wade STEVENS, Appellant,

v.

The STATE of Texas, Appellee.

Michael Lee FOOTE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50371 to 50373.

Court of Criminal Appeals of Texas.

Nov. 26, 1975.

Rehearing Denied Dec. 19, 1975.

O. T. Moore, Jr., Lockhart, for appellants.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellants were each convicted of possession of over four ounces of marihuana. Punishment was assessed at five years each, which was probated, and a fine of $1,500.00 each.

In two grounds of error, appellants complain of the failure of the trial court to charge the jury on the lesser included offense of possession of less than two ounces of marihuana and of its failure to charge that mere presence at the scene of a crime is insufficient to support a conviction for possession of marihuana.

The record reflects that on February 9, 1975, appellants were present at Mark Coble's trailer house in Uhland in Caldwell County. Also present were Mike Ratliff and Texas Department of Public Safety undercover narcotics agent Brantly Foster. Foster testified that Coble arrived with a large quantity of marihuana which appellants and the others present proceeded to handle, examine and separate for the purpose of selling three pounds to each appellant. He also testified that prior to Coble's arrival with the marihuana appellants and the others present smoked two marihuana cigarettes.

Each appellant testified, and each denied that they handled, possessed, or purchased any of the large quantity of marihuana brought to the trailer house by Coble. Each also testified that while they were waiting for the return of Coble, whom they had come to visit, one marihuana cigarette was passed among the five present and smoked by them. It will be seen, then, that the version of the facts testified to by each appellant constituted a denial of guilt for possession of the large quantity of marihuana brought in by Coble and an assertion

that they were merely present at Coble's commission of the possession of in excess of four ounces. Each also admitted possession of a quantity of marihuana less than two ounces, in the form of the marihuana cigarette smoked by Foster, Ratliff, and themselves.

■ The testimony of each appellant raised the defensive theory of mere presence at the scene of a crime. See e. g. Woolridge v. State, Tex.Cr.App., 514 S.W.2d 257, and cases cited there, for the proposition that mere presence of the accused at a place where contraband is found does not of itself show possession. Appellants were entitled to a charge on this defensive issue and the failure of the court to so charge upon the proper and timely request was error. However, in view of the error discussed below, we need not determine whether this error was reversible on the facts of this case. Cf. Dabbs v. State, Tex. Cr.App., 507 S.W.2d 567; Gonzales v. State, Tex.Cr.App., 466 S.W.2d 772.

■ The testimony of each appellant also denied guilt of the offense charged but admitted guilt of the lesser included offense of possession of less than two ounces of marihuana. The failure of the trial court to grant their timely request for a charge on the lesser included offense constituted reversible error. Compare, e. g., Esparza v. State, Tex.Cr.App., 520 S.W.2d 891; Matheson v. State, Tex.Cr.App., 508 S.W.2d 77.

The judgments are reversed and the causes remanded.

DOUGLAS, J., not participating.