**Sylvester GOLDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 378–92.**

Court of Criminal Appeals of Texas, En Banc.

March 17, 1993.

Rehearing Denied April 14, 1993.

John H. Hagler, William D. Sheetz, Dallas, for appellant.

John Vance, Dist. Atty. & Sharon Batjer, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellant was charged by indictment with the offense of conspiracy to possess cocaine in an amount of 400 grams or more, alleged to have occurred on or about October 10, 1989. On August 13, 1990, in a trial by jury in the 265th District Court of Dallas County, appellant was found guilty. The jury then assessed a punishment of confinement in the institutional division of the Texas Department of Criminal Justice for life and a fine of $100,000. The court of appeals affirmed the conviction. *Golden v. State*, No. 05–90–01080–CR, 1992 WL 1938 (Tex.App.—Dallas 1992). We granted appellant's ground for review which stated, "The Court of Appeals erred in holding that the accomplice witness charge was not defective although such charge failed to include a requested instruction regarding mere presence."[1] In addressing this alleged point of error, the court of appeals held, "Because Golden denied participation in the crime, the trial court did not err when it refused Golden's charge." *Golden v. State, supra,* slip op., p. 9.

### I.

## SUMMARY OF PERTINENT FACTS

The record reveals that this offense involved a reverse sting operation for the

---

1. We observe that before the court of appeals, appellant raised a point of error alleging specifically, "The accomplice witness charge was de- fective since it failed to instruct the jury regarding mere presence."

purchase of three kilos of uncut cocaine for $39,000. The police were assisted by an informant. The informant (while being monitored by police) arrived as the sole occupant of a vehicle at a predetermined location. A second vehicle containing the accomplice witness (passenger) and co-actor Williams (driver) soon arrived. The informant made the actual exchange of cocaine for cash with the accomplice witness while both were seated in the vehicle being driven by the informant. After the exchange, the accomplice witness gave the cocaine to co-actor Williams and then returned to the vehicle being driven by the informant in order to get a ride to the airport. The informant stopped at a nearby service station and the accomplice witness was arrested. Co-actor Williams who was returning to a local motel, was arrested upon arriving at the motel and the cocaine recovered. Appellant and co-actor Harrison were arrested at a room in the motel.

The informant testified as to his dealings during the course of this investigation with the accomplice witness. The accomplice witness' testimony specifically implicated himself, appellant, and the two other co-actors in discussing and participating in the agreement of the impending cocaine purchase.[2] He also opined that based upon his observations and conversations appellant was the man with the money to buy the cocaine. He added that at a prepurchase meeting, when one of the $1,000 bundles of money was found to be $200 short, appellant provided the money to make up the difference. He also testified that appellant, and the other co-actors, indicated a desire to make future deals if the merchandise was good and the price was right.

Appellant testified at guilt/innocence and explicitly denied any involvement in the cocaine purchase. He testified that he had driven from his home in South Carolina to Chicago with regard to business. He then drove to Los Angeles to visit with a childhood friend, co-actor Harrison. Then on the trip back to South Carolina, they were going to stop in Dallas and visit another childhood friend who worked there. Appellant insisted that he had been asleep in the motel room in Dallas and did not see or hear anyone discussing drug deals or anything else with co-actor Harrison. He claimed that when he woke up, he saw the car that he had been driving on the trip being driven off by an unknown man, co-actor Williams, whom he was then told was the brother-in-law of co-actor Harrison, who informed him that he had allowed Williams to borrow the car to go get something to eat. Appellant adamantly disavowed any knowledge of or involvement in the drug transaction.

## II.

### APPELLANT'S CLAIM

On appeal, appellant claimed that "the accomplice witness charge was defective since it failed to instruct the jury regarding mere presence."

*Court's Charge to Jury*

You are instructed that an "accomplice", as the term is hereinafter used, means any person connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime, as such parties, by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Mere presence alone, however, will not constitute one a party to an offense.

You are instructed that the witness [accomplice witness] is an accomplice, if an offense was committed, and you cannot convict the [d]efendant upon his testimony unless you first believe that his testimony is true and shows that the [d]efendant is guilty as charged, and then you cannot convict the [d]efendant

2. Of the five persons, informant, accomplice witness, appellant, co-actor Harrison and co-actor Williams, only informant, accomplice witness and appellant testified at trial.

upon said testimony unless you further believe that there is other testimony in the case, outside of the evidence of the said [accomplice witness], tending to connect the [d]efendant with the offense committed, if you find that an offense was committed; and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the [d]efendant with its commission; and then from all of the evidence you must believe beyond a reasonable doubt that the [d]efendant is guilty of the offense charged against him.

### Appellant's Requested Charge

You are further instructed that an accomplice, as the term is here used, means any person connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime, as such parties, by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible or by both. Mere presence alone will not constitute one a party to an offense.

Under our law a conviction cannot be had upon the testimony of an accomplice unless the jury first believes that the accomplice's testimony is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission.

A conviction may not be based on accomplice's testimony alone no matter how complete a case may have been made by accomplice witness testimony. [Footnote omitted.]

Mere presence of the [d]efendant with an accomplice shortly before or shortly after the commission of a crime is not sufficient corroboration. [Footnote omitted.]

Appellant averred error in the trial court's refusal to include in the charge of the court that particular portion of his specially requested jury charge that "[m]ere presence of the [d]efendant with an accomplice shortly before or shortly after the commission of a crime is not sufficient corroboration." The court of appeals stated (1) when the alleged defensive theory negates an element of the offense, no affirmative charge must be given and (2) an instruction is only required where the defendant admits participation in the act itself and relies upon a statutory defense. The court held that because appellant denied participation in the crime, there was no error in refusing the requested instruction and overruled the point of error. *Golden v. State, supra,* slip op. at pp. 8 and 9.

### III.

### MERITS OF APPELLANT'S JURY INSTRUCTION CLAIM

The jury charge instructed the jury that it could not convict based upon the accomplice witness testimony unless it believed there was other testimony in the case, outside of the evidence of the said [accomplice witness] tending to connect appellant with the offense committed, and that such corroboration would not be sufficient if it merely showed the commission of the offense, but rather had to connect appellant with its commission.

 It is well-settled that mere presence alone of a defendant at the scene of a crime is insufficient to corroborate accomplice testimony. *Meyers v. State,* 626 S.W.2d 778, 780 (Tex.Cr.App.1982). This Court is not considering in the instant case whether there was sufficient corroboration of the accomplice witness testimony. Our inquiry is limited to whether a proper instruction was given (upon a timely request of appellant) to the jury informing them that the mere presence of the appellant was insufficient to corroborate the testimo-

ny of the accomplice witness. Thus appellant's requested instruction constituted a correct statement of law. This Court has previously indicated that a defendant is entitled to a requested jury charge instruction on mere presence being insufficient to corroborate an accomplice witness's testimony if such is raised by the evidence. *Mitchell v. State,* 650 S.W.2d 801, 809 (Tex. Cr.App.1983), *cert. denied,* 464 U.S. 1073, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984); *Dillard v. State,* 550 S.W.2d 45, 51 (Tex.Cr. App.1977). This Court has also consistently held that an accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State,* 728 S.W.2d 804, 807 (Tex.Cr.App.1987). Clearly appellant's testimony raised an issue of merely being present at the motel where he and two co-actors were arrested and where the transaction which is the subject of the instant conspiracy offense was discussed.

The court of appeals relied upon this Court's opinion in *Sanders v. State,* 707 S.W.2d 78 (Tex.Cr.App.1986), in concluding that a defensive jury charge instruction is only required where the defendant admits participation in the act itself but relies on a statutory defense, and that when the alleged defensive theory merely negates an element of the offense no jury charge thereon need be given. *Golden v. State, supra,* slip op. at 8, 9. However, in *Willis v. State,* 790 S.W.2d 307, 314 (1990), this Court disavowed much of that *Sanders* language and determined that in some circumstances a defendant would be entitled to defensive instructions although he had not admitted the crime.

The court of appeals stated that when an alleged defensive theory negates an element of the offense, no affirmative charge must be given. However, we observe that appellant's request was not seeking the submission of an instruction on a defensive theory which merely negated an element of the offense, but rather sought an explanation of the legal requirement of corroboration of accomplice witness testimony. As noted above, the jury could not have properly found appellant's mere presence at the scene of a crime to be sufficient to corroborate the accomplice witness's testimony.

Appellant's requested jury charge instruction merely sought to so inform the jury.

The State also questions whether a defendant "should ... be entitled to the requested charge if he testifies that he was merely present, regardless of the existence of other corroborative testimony[.]" However, it is well-settled that a defendant's testimony alone is sufficient to raise a defensive issue requiring an instruction in the jury charge. *Hayes v. State,* 728 S.W.2d at 807. In fact, this Court held in *Mitchell, supra, Dillard, supra,* and *Bilbrey v. State,* 594 S.W.2d 754, 755 (Tex.Cr.App. 1980), that those defendants were *not* entitled to the instruction that mere presence was insufficient to corroborate accomplice witness testimony because they did *not* testify or present evidence to raise the issue of mere presence. Certainly, appellant's testimony provided the essential ingredient, i.e. evidence raising the mere presence issue, which was lacking in *Mitchell, Dillard,* and *Bilbrey.*

## IV.

### CONCLUSION

An accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes, supra.* While the trial court did include an instruction on mere presence, it did so with respect to party culpability. *However, the trial court did not include such an instruction as requested by appellant with respect to corroboration of accomplice witness testimony.* Because the evidence raised the issue of mere presence, appellant was entitled to his requested jury charge instruction on such presence being insufficient to corroborate the accomplice witness's testimony. *Mitchell v. State,* 650 S.W.2d at 809; *Dillard v. State,* 550 S.W.2d at 51. Thus, the trial court erred in refusing to include such requested instruction.

█ We therefore reverse the judgment of the court of appeals and remand this cause to that court to conduct a harm analysis pursuant to *Almanza v. State,* 686

S.W.2d 157 (Tex.Cr.App.1984) (Opinion on Rehearing).

WHITE, J., dissents.

MILLER, Judge, concurring.

I join the majority opinion in this cause, but write separately to address an issue raised by Presiding Judge McCormick in his note. As noted in the majority opinion at p. 294, the court's charge instructed the jury that:

> ... the corroboration is not sufficient if it merely shows the commission of the offense, but it must *tend to connect* [1] the [d]efendant with its commission; and then from all of the evidence you must believe beyond a reasonable doubt that the [d]efendant is guilty of the offense charged against him.

The highlighted portion of the above charge reflects the standard utilized by appellate courts in determining whether there is sufficient evidence in a case to corroborate the testimony of the accomplice witness. *See* Art. 38.14, V.A.C.C.P.; and *Cox v. State*, 830 S.W.2d 609 (Tex.Crim.App. 1992). Presiding Judge McCormick's concern is that this is an appellate doctrine which should not be included in the court's charge to the jury at guilt/innocence.

This Court recently addressed the application of an appellate concept at the trial level in *Garrett v. State*, 851 S.W.2d 853 (Tex.Crim.App.1993), motion for rehearing pending. In *Garrett*, the State challenged for cause a prospective juror who stated he could not answer affirmatively the second *punishment* issue in a capital case based on the facts of the offense alone. The trial judge granted the State's challenge, which ruling the defendant challenged on appeal. On direct appeal, the State relied upon cases from this Court [2] which addressed the sufficiency of the evidence to support the jury's affirmative answer to the second punishment issue and held that the facts of the offense alone, if severe enough, will support a jury's affirmative answer on this

issue. The Court noted that this is an appellate standard of review, the minimum legal threshold of sufficient evidence to answer the second punishment issue, and it was not error for a prospective juror to require more evidence than that in his understanding of proof beyond a reasonable doubt. *Id.*, at p. 859. In this sense, the appellate standard of review was inapplicable to the trial issue. Thus, this Court held the trial judge reversibly erred in granting the State's challenge.

Another example of this Court not condoning the use of an appellate doctrine at trial is found in *Aguilar v. State*, 682 S.W.2d 556 (Tex.Crim.App.1985). In *Aguilar*, a burglary of a building case, the issue facing the Court was whether the trial judge erred in failing to instruct the jury on a lesser included offense. In addressing this issue, the Court noted that the presumption of intent to commit theft arising from the non-consensual nighttime entry of a building was an appellate vehicle employed to review the sufficiency of evidence and not a trial vehicle used to prove an element of the State's case. *Id.* at 558. *Cf. LaPoint v. State*, 750 S.W.2d 180, 182 (Tex.Crim.App.1986) (presumption may become trial vehicle upon presentation of motion for instructed verdict or motion for new trial).

While I agree that some appellate doctrines are just that, I do not find that to be true in this case. The charge to the jury utilizing the "tends to connect" language informs the jury of the minimum amount of evidence required upon which to lawfully convict the defendant. In my opinion, this charge will always be proper in cases where the State relies upon accomplice witness testimony to convict as it applies directly to the jury's role in weighing the evidence at trial and rendering a verdict. So informing the jury also promotes judicial economy as an appellate court would be required to reverse a conviction if this minimum level of evidence were not present in a case. Hence, I favor use of this "appellate standard" at trial.

1. All emphasis supplied by this author unless otherwise indicated.

2. *See Garrett*, at p. 859, n. 3, 4.

With these comments, I concur in the majority opinion.

CAMPBELL, Judge, concurring.

I agree with the result reached by the majority of the Court in this case, but write separately to explain my views of how appellant has drawn the issue presented herein. As the majority correctly points out, appellant contends in his ground for review that "the accomplice witness charge was defective since it failed to instruct the jury regarding mere presence." The charge, however, did not fail to instruct the jury regarding mere presence. The trial judge did instruct the jury that "[m]ere presence alone ... will not constitute one a party to an offense." Appellant's actual complaint is that the trial judge failed to additionally instruct the jury that the "[m]ere presence of the [d]efendant with an accomplice shortly before or shortly after the commission of a crime is not sufficient corroboration." Since appellant's complaint was that the trial court refused to submit this requested language, his ground for review should have reflected that complaint, instead of alleging that the trial court wholly failed to instruct the jury on mere presence.

While the issue should have been drawn more precisely, I feel that appellant was entitled to either the requested instruction or an instruction of similar import. The trial court's charge, as set out in the majority opinion, first defines "accomplice." The charge then instructs the jury how a person may be criminally responsible as a party. Then, the charge instructs the jury that mere presence, in and of itself, does not render someone a party to an offense. The problem I see with the charge is that it is vague on whether the mere presence language applies to appellant or to the accomplice.

The trial judge instructed the jury that Keehner, who testified for the State, was an accomplice as a matter of law. The charge, however, fails to explain to whom the mere presence language applies. The language could be interpreted as referring to the accomplice's mere presence or to the defendant's mere presence. Appellant's requested instruction, however, suffered from no such vagaries, as it sought to specifically apply the law of mere presence to the facts of the case by instructing the jury regarding the "[m]ere presence of the [d]efendant *with* an accomplice ..." (Emphasis added). On the facts of this case, appellant was entitled to an instruction to this effect. Therefore, with these comments I concur in the result reached by the majority.

MALONEY, J., joins.

McCORMICK, Presiding Judge, dissenting.

The majority today transfers an appellate test for sufficiency into a heretofore unrequired jury instruction. No case cited by the majority requires the giving of such a charge. In *Meyers v. State*, 626 S.W.2d 778 (Tex.Cr.App.1982), the test for sufficiency is set forth, but there is *no* indication that a jury instruction was even implicated in that case. Both *Mitchell v. State*, 650 S.W.2d 801 (Tex.Cr.App.1983), and *Dillard v. State*, 550 S.W.2d 45 (Tex.Cr.App. 1977), upon which the majority also rely, stand for the proposition that the issue was not raised and such charge would not be required. *Mitchell* further recognized that a "mere presence" charge as given in the instant case would be adequate. See *Gonzales v. State*, 466 S.W.2d 772 (Tex.Cr.App. 1971), and *Dabbs v. State*, 507 S.W.2d 567 (Tex.Cr.App.1974).

Cases which have historically been cited in support of giving such a charge rely on *McShane v. State*, 530 S.W.2d 307 (Tex.Cr. App.1975). *McShane*, however, has nothing to do with corroboration of accomplice witness testimony. *McShane* was a prosecution for possession of a controlled substance and dealt with the accused's mere presence at the place where contraband was found. Such has no application here.

I do not believe such a charge would ever be required because the test is one of appellate sufficiency. A properly given charge on accomplice testimony and reasonable doubt will adequately protect an accused's rights at trial. *Gonzales, supra.*

I further perceive the rule that mere presence is not sufficient to corroborate an accomplice witness to be akin to the rule relative to possession of recently stolen property.

In the early case of *Scott v. State*, 36 S.W. 276 (Tex.Cr.App.1896), the Court held:

"As a matter of law, the jury might be authorized to convict, in a proper case, upon the fact of possession of recently stolen property, standing alone; but a charge telling the jury they could do so would be a charge upon the weight of the testimony, and besides, would be singling out a solitary face in a case, and charging upon that." 36 S.W. at 277.

I am convinced that the language the majority embraces was intended as a guide for appellate consideration only to determine the sufficiency of the evidence to sustain a conviction, and not to be given in a charge to the jury. I have found no authority to the contrary.

I respectfully dissent.