NO. 07-04-0048-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 2, 2004



______________________________




IN RE R. WAYNE JOHNSON, RELATOR


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator, R. Wayne Johnson, seeks issuance of a writ of mandamus directing
respondent Caroline Woodburn, District Clerk of Potter County, to (1) accept and file a
petition for habeas corpus relator wishes to file, (2) obey her oath of office, and (3) obey
certain specified decisions of the United States Supreme Court and the law in general. He
also seeks our declaration that an application for habeas corpus is not subject to the
provisions of Tex. Civ. Prac. & Rem. Code Ann. chapter 11 (Vernon Supp. 2004),
concerning vexatious litigants. We dismiss for lack of jurisdiction. 

 A district clerk is not one of the officials against whom we have jurisdiction to issue
writs of mandamus pursuant to Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2004). 
Nor does relator so urge. Instead, relator claims that we have jurisdiction in this original
proceeding because respondent's refusal to accept his suit interferes with this court's
appellate jurisdiction. See id. § 22.221(a). He cites, in part, In re Washington, 7 S.W.3d
181 (Tex.App.--Houston [1st Dist.] 1999, orig. proceeding). 

 In Washington the relator filed a notice of appeal from a trial court proceeding. The
district clerk failed to process and forward the notice to the appellate court. The court of
appeals noted that the filing of a notice of appeal invokes appellate jurisdiction, and
determined that it had jurisdiction to issue a writ of mandamus directing the district clerk
to perform the ministerial duty of forwarding the notice to the appropriate appellate court. 
Id. at 181-82.

 We agree with relator that we have jurisdiction to issue a writ of mandamus to
enforce our jurisdiction. See Gov't. Code § 22.221(a); In re Washington, 7 S.W.3d at 182. 
But, such jurisdiction exists to enforce our actual, as opposed to potential, jurisdiction. See
Shelvin v. Lykos, 741 S.W.2d 178, 181 (Tex.App.--Houston [1st Dist.] 1987, orig.
proceeding). 

 Relator does not claim the existence of, nor does he present documents which he
claims evidence an appealable order, or a notice of appeal which has not been forwarded
as occurred in Washington. Our appellate jurisdiction as to the lawsuit relator alleges
respondent refuses to file is potential, as it is with any lawsuit which might be filed and
eventually appealed to this court. But, our jurisdiction over such a suit is not actual until
an event occurs which ripens our potential jurisdiction into actual jurisdiction. And, it is
relator's burden to properly request and show entitlement to the mandamus relief he
requests. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917
(Tex. 1985) (orig. proceeding). He has not done so. 

 We dismiss the petition for writ of mandamus for want of jurisdiction. 


 Phil Johnson

 Chief Justice




 



coration: underline">Dowthitt v. State, 931 S.W.2d 244, 249
(Tex.Crim.App. 1996). Each case must be considered on its own facts and circumstances. 
Munoz, 853 S.W.2d at 559.

 Shawn Wise testified that appellant was following a pickup pulling a stock trailer, with
cattle inside, at 3:00 a.m. The time of day for the movement of cattle was suspicious to the
witness. Wise further testified that appellant was driving so closely behind the trailer that
she could see the cattle in the trailer illuminated by the headlights of appellant's vehicle. 
Wise further testified that, when she began following the vehicles, the drivers began
traveling in a circuitous route over back roads in an attempt to elude her pursuit and
observation. Such action is consistent with flight and is some evidence connecting
appellant to the theft. See Cawley v. State, 310 S.W.2d 340, 342 (Tex.Crim.App. 1957). 
Further, appellant's doubling back and attempting to run Wise's vehicle off the road is some
evidence of guilt. Id. This evidence tends to connect appellant with the commission of the
offense. Solomon, 49 S.W.3d at 361. As this evidence tends to connect appellant to the
commission of the offense, we conclude that sufficient corroboration of the accomplice
testimony was presented. Id. Therefore, appellant's first issue is overruled.

Violation of Motion in Limine


 Appellant next contends that the trial court erred in refusing to grant a motion for
mistrial after two State's witnesses violated appellant's motion in limine. Before trial,
appellant filed a motion in limine to prohibit the State from mentioning or alluding to any
extraneous offenses allegedly involving appellant without first approaching the bench and
obtaining a hearing out of the presence of the jury. The trial court granted appellant's
motion. Appellant contends the State violated the motion in limine during the examination
of Scott Williams and the accomplice, Roddy Pippin. In each instance, an objection was
sustained, an instruction to disregard was granted, and appellant's motion for mistrial was
denied.

 We review the denial of the motion for mistrial under an abuse of discretion standard. 
Simpson v. State, 119 S.W.3d 262, 272 (Tex.Crim.App. 2003). Mistrial is appropriate only
for "highly prejudicial and incurable errors." Wood v. State, 18 S.W.3d 642, 648
(Tex.Crim.App. 2000). It may be used to end trial proceedings when error is so prejudicial
that "expenditure of further time and expense would be wasteful and futile." Id. Generally,
a prompt instruction to disregard will cure error associated with an improper question and
answer. Ovalle v. State, 13 S.W.3d 774, 783 (Tex.Crim.App. 2000). The determination of
whether a given error is so harmful as to require a mistrial must be made by examining the
particular facts of the case. Wood, 18 S.W.3d at 648.

 Appellant challenges the following testimony of Williams:

Q. Scott, did you take steps to make a determination whether or not this
Defendant, Darrell Malone was involved or otherwise associated with Mr.
Pippin other than the fact he was arrested out there at the same time?

A. We looked to corroborate their relationship or travel in this area by a
number of different ways. As I'd said, the first thing that the two statements
being inconsistent that night when we had them in separate rooms definitely
gave me the opinion that they were lying to start with at that point. We have
in Mr. Pippin's description of their travel throughly and people they had seen
and instances he had a very strong memory of multiple things, we are able
to corroborate by he was stuck in the mud one night when they were stealing
cattle up there.


 Appellant also challenges the accomplice testimony of Roddy Pippin, whom
appellant alleges testified about prior thefts committed by appellant. Specifically, Pippin
testified that appellant had previously come to the location to steal cattle. 

Q. So how did he come to be up here where you are?

A. We had been doing that for sometime.


 When the challenged questions and answers are reviewed in the context of the trial,
the State did not ask questions that invited the witnesses to respond with information about
any extraneous offenses involving the appellant. In the second alleged instance, it is
questionable whether the answer was a violation of the motion in limine. The record
demonstrates that neither question nor answer was ever referred to again by the State,
either in opening or closing arguments, nor was there any attempt to highlight this
testimony or make any use of it at all. Accordingly, any error during the testimony was not
so clearly prejudicial that further trial proceedings would be a waste of time. Wood, 18
S.W.3d at 648. We conclude that the trial court's instruction to disregard cured any
potential prejudice from the testimony. Hence, the action of the trial court in overruling the
motion for mistrial was not an abuse of discretion. See Simpson, 119 S.W.3d at 272. See
also Ovalle, 13 S.W.3d at 783. Appellant's second issue is overruled. 

 Motion for New Trial


 Appellant's third issue contends the trial court erred when it refused to grant
appellant's motion for new trial based upon the alleged misconduct of Juror Garrett. 
Appellant claims that the juror, during voir dire, failed to properly answer a question
concerning whether the juror or a member of the juror's family was involved in the cattle
business. 

 Issues of fact concerning juror misconduct raised by a motion for new trial are to be
determined by the trial judge and the judge's decision will not be disturbed unless an abuse
of discretion is shown. Beck v. State, 573 S.W.2d 786, 791 (Tex.Crim.App. 1978). An
abuse of discretion occurs when a biased or prejudiced juror is selected without fault or lack
of diligence on the part of defense counsel. Gonzales v. State, 3 S.W.3d 915, 916-17
(Tex.Crim.App. 1999).

 Juror Garrett was specifically asked, "Are there any other people who deal with
cattle?" Juror Garrett did not answer the question in the affirmative. It was later brought
out, in the hearing on the motion for new trial, that Juror Garrett's husband had, in the past,
operated a cattle ranching operation. Juror Garrett did serve on the jury. 

 Juror Garrett answered the question asked by appellant. Her husband did not, at
the time of the question, deal with cattle. At the hearing on the motion for new trial, it was 
developed that, at the time of jury selection, Garrett's husband was in a nursing home. 
Accordingly, there is no juror misconduct and, therefore, no abuse of discretion when the
only question relevant to appellant's issue was answered correctly. It is not for the
prospective juror to try and determined what appellant's question was really designed to
ascertain. Gonzales, 3 S.W.3d at 917. Appellant's third issue is overruled.

Court's Charge on Mere Presence


 Appellant's fourth issue contends that the trial court did not fully charge the jury on
the law regarding the mere presence of the appellant at the crime. Appellant contends that
the Court's charge did not contain the instruction on mere presence approved by the Court
of Criminal Appeals in the Golden case. Golden v. State, 851 S.W.2d 291, 295
(Tex.Crim.App. 1993). In Golden, the trial court gave an instruction on mere presence in
connection with the party's charge, but refused to give a similar instruction in connection
with the accomplice testimony portion of the charge. Id. The Golden court held that the
failure to include a mere presence instruction in connection with the accomplice testimony
was error. Id. Review of the charge given in appellant's trial reveals that the mere
presence instruction was given in connection with both the parties and the accomplice
testimony portions of the charge. Thus, the charge complied with the requirements of
Golden. Id. Accordingly, appellant's fourth issue is overruled.

Conclusion


 Having overruled appellant's four issues, the trial court's judgment is affirmed.


 Mackey K. Hancock

 Justice




Do not publish.