NO. 07-05-0037-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 9, 2006
_____

DARRELL ALLEN MALONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 3926; HONORABLE TOM NEELY, JUDGE
_____

Before QUINN, C.J, and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Darrell Malone, appeals from a judgment of conviction for the offense of theft of livestock and sentence of two years confinement in a State Jail Facility. Overruling appellant's issues, we affirm.

Factual and Procedural Background

At approximately 3:00 a.m. on August 8, 2004, Shawn Wise, spotted two vehicles driving on a road in rural Wilbarger County. Wise was immediately suspicious of the

vehicles because of the late hour and the fact that the lead vehicle was pulling a stock trailer containing cattle. Wise followed the two vehicles on a circuitous route through rural Wilbarger County, eventually ending up near the beginning point. While following the vehicles, Wise was able to ascertain the license plate number of the trailing vehicle and that there were two occupants in that vehicle. The vehicles made numerous attempts to elude Wise's pursuit, culminating in the trailing vehicle turning around and attempting to run Wise's vehicle off the road. Wilbarger Sheriff's officers subsequently stopped the vehicle with the trailer and arrested the driver, Roddy Pippin, who confessed to stealing the cattle. Appellant and his fiancee were later stopped by a unit from the Vernon Police Department. Subsequently, appellant was indicted for theft of livestock. At trial, the State offered the testimony of Pippen to implicate appellant in the theft.

By four issues, appellant contends that (1) the evidence was legally insufficient to corroborate the accomplice testimony, (2) the trial court erred in refusing to grant a mistrial after witnesses violated appellant's motion in limine, (3) the trial court erred in denying a motion for new trial based on juror misconduct during the voir dire process, and (4) the trial court erred in refusing to submit, as part of the Court's Charge, appellant's requested instruction on mere presence.

Accomplice Testimony

A defendant cannot be convicted upon the testimony of an accomplice unless it is corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is insufficient if it merely shows the commission of the

offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005). In conducting a sufficiency review under the accomplice witness rule, the court eliminates the accomplice testimony from consideration and examines the record to see if any evidence tends to connect the defendant to the commission of the offense. Solomon v. State, 49 S.W.3d 356, 361 (Tex.Crim.App. 2001). The evidence does not have to directly link the defendant to the crime or establish his guilt beyond a reasonable doubt. McDuff v. State, 939 S.W.2d 607, 613 ( Tex.Crim.App. 1997). Corroborating evidence is sufficient if it tends to connect the appellant to the offense. Munoz v. State, 853 S.W.2d 558, 559 (Tex.Crim.App. 1993). While the accused's mere presence in the company of the accomplice before, during, or after the commission of the offense is insufficient by itself to corroborate the testimony, evidence of such presence, coupled with other suspicious circumstances, may tend to connect the accused to the offense. Dowthitt v. State, 931 S.W.2d 244, 249 (Tex.Crim.App. 1996). Each case must be considered on its own facts and circumstances. Munoz, 853 S.W.2d at 559.

Shawn Wise testified that appellant was following a pickup pulling a stock trailer, with cattle inside, at 3:00 a.m. The time of day for the movement of cattle was suspicious to the witness. Wise further testified that appellant was driving so closely behind the trailer that she could see the cattle in the trailer illuminated by the headlights of appellant's vehicle. Wise further testified that, when she began following the vehicles, the drivers began traveling in a circuitous route over back roads in an attempt to elude her pursuit and observation. Such action is consistent with flight and is some evidence connecting appellant to the theft. See Cawley v. State, 310 S.W.2d 340, 342 (Tex.Crim.App. 1957).

3

Further, appellant's doubling back and attempting to run Wise's vehicle off the road is some evidence of guilt. Id. This evidence tends to connect appellant with the commission of the offense. Solomon, 49 S.W.3d at 361. As this evidence tends to connect appellant to the commission of the offense, we conclude that sufficient corroboration of the accomplice testimony was presented. Id. Therefore, appellant's first issue is overruled.

Violation of Motion in Limine

Appellant next contends that the trial court erred in refusing to grant a motion for mistrial after two State's witnesses violated appellant's motion in limine. Before trial, appellant filed a motion in limine to prohibit the State from mentioning or alluding to any extraneous offenses allegedly involving appellant without first approaching the bench and obtaining a hearing out of the presence of the jury. The trial court granted appellant's motion. Appellant contends the State violated the motion in limine during the examination of Scott Williams and the accomplice, Roddy Pippin. In each instance, an objection was sustained, an instruction to disregard was granted, and appellant's motion for mistrial was denied.

We review the denial of the motion for mistrial under an abuse of discretion standard. Simpson v. State, 119 S.W.3d 262, 272 (Tex.Crim.App. 2003). Mistrial is appropriate only for "highly prejudicial and incurable errors." Wood v. State, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000). It may be used to end trial proceedings when error is so prejudicial that "expenditure of further time and expense would be wasteful and futile." Id. Generally, a prompt instruction to disregard will cure error associated with an improper question and

4

answer.  Ovalle v. State, 13 S.W.3d 774, 783 (Tex.Crim.App. 2000).  The determination of whether a given error is so harmful as to require a mistrial must be made by examining the particular facts of the case.  Wood, 18 S.W.3d at 648.

Appellant challenges the following testimony of Williams:

Q. Scott, did you take steps to make a determination whether or not this Defendant, Darrell Malone was involved or otherwise associated with Mr. Pippin other than the fact he was arrested out there at the same time?

A. We looked to corroborate their relationship or travel in this area by a number of different ways.  As I'd said, the first thing that the two statements being inconsistent that night when we had them in separate rooms definitely gave me the opinion that they were lying to start with at that point.  We have in Mr. Pippin's description of their travel throughly and people they had seen and instances he had a very strong memory of multiple things, we are able to corroborate by he was stuck in the mud one night when they were stealing cattle up there.

Appellant also challenges the accomplice testimony of Roddy Pippin, whom appellant alleges testified about prior thefts committed by appellant.  Specifically, Pippin testified that appellant had previously come to the location to steal cattle.

Q. So how did he come to be up here where you are?

A. We had been doing that for sometime.

When the challenged questions and answers are reviewed in the context of the trial, the State did not ask questions that invited the witnesses to respond with information about any extraneous offenses involving the appellant.  In the second alleged instance, it is questionable whether the answer was a violation of the motion in limine.  The record demonstrates that neither question nor answer was ever referred to again by the State,

5

either in opening or closing arguments, nor was there any attempt to highlight this testimony or make any use of it at all. Accordingly, any error during the testimony was not so clearly prejudicial that further trial proceedings would be a waste of time. Wood, 18 S.W.3d at 648. We conclude that the trial court's instruction to disregard cured any potential prejudice from the testimony. Hence, the action of the trial court in overruling the motion for mistrial was not an abuse of discretion. See Simpson, 119 S.W.3d at 272. See also Ovalle, 13 S.W.3d at 783. Appellant's second issue is overruled.

## Motion for New Trial

Appellant's third issue contends the trial court erred when it refused to grant appellant's motion for new trial based upon the alleged misconduct of Juror Garrett. Appellant claims that the juror, during voir dire, failed to properly answer a question concerning whether the juror or a member of the juror's family was involved in the cattle business.

Issues of fact concerning juror misconduct raised by a motion for new trial are to be determined by the trial judge and the judge's decision will not be disturbed unless an abuse of discretion is shown. Beck v. State, 573 S.W.2d 786, 791 (Tex.Crim.App. 1978). An abuse of discretion occurs when a biased or prejudiced juror is selected without fault or lack of diligence on the part of defense counsel. Gonzales v. State, 3 S.W.3d 915, 916-17 (Tex.Crim.App. 1999).

Juror Garrett was specifically asked, "Are there any other people who deal with cattle?" Juror Garrett did not answer the question in the affirmative. It was later brought

6

out, in the hearing on the motion for new trial, that Juror Garrett's husband had, in the past, operated a cattle ranching operation. Juror Garrett did serve on the jury.

Juror Garrett answered the question asked by appellant. Her husband did not, at the time of the question, deal with cattle. At the hearing on the motion for new trial, it was developed that, at the time of jury selection, Garrett's husband was in a nursing home. Accordingly, there is no juror misconduct and, therefore, no abuse of discretion when the only question relevant to appellant's issue was answered correctly. It is not for the prospective juror to try and determined what appellant's question was really designed to ascertain. Gonzales, 3 S.W.3d at 917. Appellant's third issue is overruled.

## Court's Charge on Mere Presence

Appellant's fourth issue contends that the trial court did not fully charge the jury on the law regarding the mere presence of the appellant at the crime. Appellant contends that the Court's charge did not contain the instruction on mere presence approved by the Court of Criminal Appeals in the Golden case. Golden v. State, 851 S.W.2d 291, 295 (Tex.Crim.App. 1993). In Golden, the trial court gave an instruction on mere presence in connection with the party's charge, but refused to give a similar instruction in connection with the accomplice testimony portion of the charge. Id. The Golden court held that the failure to include a mere presence instruction in connection with the accomplice testimony was error. Id. Review of the charge given in appellant's trial reveals that the mere presence instruction was given in connection with both the parties and the accomplice

7

testimony portions of the charge.  Thus, the charge complied with the requirements of Golden.  Id.  Accordingly, appellant's fourth issue is overruled.

## Conclusion

Having overruled appellant's four issues, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice


Do not publish.