Korey Demaine Walker v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-491-CR

KOREY DEMAINE WALKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Korey Demaine Walker of attempted capital murder and assessed his punishment at seventy-seven years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  In one point, Appellant argues that the trial court committed reversible error by denying his request for a jury instruction on self-defense.  Because we hold that the trial court did err by denying the instruction and that Appellant suffered some harm as a result of the error, we reverse the trial court’s judgment and remand this cause for a new trial. Peace officers went to the apartment where Appellant was staying to execute an arrest warrant.  They knocked on the door several times.  Although they testified that they saw someone peeking out through the blinds, no one answered the door.  The officers looked through the peephole and thought that they saw movement inside the apartment.  The officers finally forced the door open with a battering ram.  Deputy Tatsch, the complainant, testified that he kicked open the bedroom door, saw a figure crouched on the floor pointing a gun at him, and then felt himself being shot in the abdomen.  Deputy Tatsch said that he closed the door and returned fire through the door, as did other officers.  Appellant was shot nine times.

Appellant testified that he was asleep when he heard a noise.  He went back to sleep.  A noise woke him up again.  He looked out the bedroom window, but he did not see anything suspicious.  He called his girlfriend on the telephone to see if she was at the door; she was not.  He then lay down again, but decided to get up and shower.  While he was brushing his teeth after his shower, he heard more noises, so he called his girlfriend again.  While they were talking on the telephone, he heard what sounded like a gunshot inside the apartment.  Appellant testified that he was afraid for his life.  He believed that he was under attack and that he needed to defend himself.  He grabbed a handgun that was lying on a chest of drawers in the bedroom and fired two or three times through the closed bedroom door.  He testified that the officers returned fire through the bedroom door.  He denied that he intentionally or knowingly shot a peace officer.  Appellant testified that he did not suspect the people inside the apartment were police officers until he went out into the living room during a lull in the shooting.  He then saw that all the people were wearing uniforms that identified them as Tarrant County sheriff’s deputies. “[A] person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other’s use or attempted use of unlawful force.”
(footnote: 2)  Regarding deadly force, the penal code provides,

A person is justified in using deadly force against another:  (1) if he would be justified in using force against the other . . . ; (2) if a reasonable person in the actor’s situation would not have retreated; and (3) when and to the degree he reasonably believes the deadly force is immediately necessary:  (A) to protect himself against the other’s use or attempted use of unlawful deadly force.
(footnote: 3)
“‘Reasonable belief’ means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor.”
(footnote: 4)
 A defendant is entitled to an instruction on every defensive issue raised by the evidence regardless of the strength of the evidence and “regardless of what the trial court may or may not think about the credibility of the evidence.”
(footnote: 5)  Whether a defendant’s beliefs, fears, or actions are reasonable are fact issues for the jury, and the trial court erroneously deprives the jury of the opportunity to decide the reasonableness of those issues when it fails to instruct the jury on self-defense that is properly raised by the evidence.
(footnote: 6) Appellant’s own testimony, detailed above, sufficiently raised the issue of self-defense to require a jury instruction on the issue.  The trial court therefore erred by refusing to give the instruction.  Because Appellant timely objected to the charge, we must reverse the case if the error was “calculated to injure the rights of [the] defendant,” which means no more than that there must be 
some
 harm to the accused from the error.
(footnote: 7)  In other words, we must reverse this case as long as the error is not harmless.
(footnote: 8)
 As our sister court in Austin has explained,

When the issue is raised, it is the State's burden to prove beyond a reasonable doubt that the defendant did not act in self-defense.  Had the jury in this cause been properly instructed, it needed only to have a reasonable doubt as to whether appellant's actions were justified by self-defense to render an acquittal.  From a full examination of the record, we cannot state with confidence that there was no reasonable possibility that the jury would have found that appellant acted in self-defense.  We therefore conclude that the court's refusal to instruct the jury on self-defense caused some harm to appellant.
(footnote: 9)

The jury alone has the responsibility to decide whether to accept or reject a properly raised defensive theory.
(footnote: 10)  Further, section 2.03 of the penal code provides,“If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted.”
(footnote: 11)  Because the trial court denied Appellant’s request for an instruction on self-defense, defense counsel was not able to present this defensive theory to the jury for its consideration.  Had the jury in this cause been properly instructed, it needed only to have a reasonable doubt as to whether Appellant's actions were justified by self-defense to render an acquittal.

From a full examination of the record, we cannot conclude with any confidence that there was no reasonable possibility that the jury would have found that Appellant acted in self-defense.  Accordingly, we hold that Appellant suffered some harm from the trial court's denial of an instruction on the issue of self-defense.  We therefore sustain his sole point, reverse the trial court’s judgment, and remand this cause for a new trial.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

LIVINGSTON, J. dissents without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Penal Code Ann. § 9.31(
a)
 (
Vernon 
2003).

3:
Id.
 § 9.32.

4:
Id.
 § 1.07(a)(42) (Vernon Supp. 2005).

5:
Granger v. State
, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); 
see also
  
Brown v. State
, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997); 
Golden v. State
, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993).

6:
Granger
, 3 S.W.3d at 39.

7:
See
 Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
see also 
 
Abdnor v. State
, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994); 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).

8:
See
 
Almanza
, 686 S.W.2d at 171.

9:
VanBrackle v. State
, 179 S.W.3d 708, 717 (Tex. App.—Austin 2005, no pet.) (citations omitted).

10:
Booth v. State
, 679 S.W.2d 498, 500 (Tex. Crim. App. 1984).

11:
Tex. Penal Code Ann.
 § 2.03(d) (Vernon 2003).