

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00301-CR

---------

BRANDON MICHAEL CHAMBERS                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Brandon Michael Chambers of continuous sexual abuse of a child under fourteen years of age. The trial court sentenced him to 40 years' confinement. Appellant brings two points on appeal, arguing that the trial court erred by denying his requested affirmative-defense jury instruction and by denying his motion for instructed verdict because his

---

[1]*See* Tex. R. App. P. 47.4.

affirmative defense was unrebutted. Because the trial court did not err, we affirm the trial court's judgment.

Appellant, who was twenty-three years old, engaged in what he characterized as "consensual sexual contact" with an eleven-year-old girl over an extended period of time. Appellant confessed to repeated sexual contact and sexual intercourse with the child, both to the investigating detective as well as in open court when he testified before the jury and the trial court. His entire defense rested upon the representations that he never used force, threats, or duress against the child and that he was not a registered sex offender. He argued at trial and argues on appeal that these two facts met the test for the statutory affirmative defense under the specific language of the continuous sexual abuse statute.

Texas Penal Code section 21.02 provides,

(b) A person commits an offense if:

    (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse . . . and

    (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.[2]

Subsection (g) of section 21.02 provides,

    It is an affirmative defense to prosecution under this section that the actor:

---

[2]Tex. Penal Code Ann. § 21.02(b) (West Supp. 2013).

(1) was not more than five years older than:

  (A) the victim of the offense, if the offense is alleged to have been committed against only one victim;

  . . . ;

(2) did not use duress, force, or a threat against a victim at the time of the commission of any of the acts of sexual abuse alleged as an element of the offense; ***and***

(3) at the time of the commission of any of the acts of sexual abuse alleged as an element of the offense:

  (A) was not required under Chapter 62, Code of Criminal Procedure, to register for life as a sex offender; or

  (B) was not a person who under Chapter 62 had a reportable conviction or adjudication for an offense under this section or an act of sexual abuse as described by Subsection (c).[3]

Appellant requested a jury instruction on the affirmative defense provided in section 21.02(g). Upon his timely request, a defendant in a criminal case is entitled to an affirmative-defense instruction on every issue raised by the evidence.[4] In his first point, Appellant argues that subsection (g) sets out two separate affirmative defenses: one in subsection (g)(1) based on the age difference between the actor and complainant, and a separate affirmative defense set out in subsection (g)(2) and (3) for when the actor did not use

---

[3]*Id.* § 21.02(g) (emphasis added).

[4]*Golden v. State*, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993); *Warren v. State*, 565 S.W.2d 931, 933–34 (Tex. Crim. App. [Panel Op.] 1978); *Franklin v. State*, No. 02-12-00342-CR, 2013 WL 2631167, at *4 (Tex. App.—Fort Worth June 13, 2013, no pet.) (mem. op., not designated for publication).

3

duress, force, or a threat against the complainant and was not at the time of the offense required to register as a sex offender. Appellant further argues that it was uncontroverted that he met the requirements of the affirmative defense that he claims is set out in subsection (g)(2) and (3) and that the trial court therefore erred by not instructing the jury on the affirmative defense.

Appellant's reliance on section 21.02(g) is misplaced. The single affirmative defense provided by the statute has three components that must be met: the relative ages; the absence of duress, force, or threat; and the absence of an obligation to register as a sex offender.[5] These three components are set out in the conjunctive, not the disjunctive.[6] As Appellant concedes and the record reflects, he was approximately twelve years older than the child. Because there is no evidence to satisfy the necessary element that his age not exceed the complainant's age by more than five years,[7] the section 21.02(g) affirmative defense was not raised by the evidence. The section 21.02(g) affirmative

---

[5]Tex. Penal Code Ann. § 21.02(g).

[6]*Id.*; *see Castaneda v. State*, No. 05-08-00077-CR, 2008 WL 4916372, at *4 (Tex. App.—Dallas Nov. 18, 2008, pet. ref'd) (mem. op., not designated for publication) (rejecting similar argument under similar subsection in section 21.11, which provides the elements of indecency with a child); *Dallas Cnty. Dist. Attorney's Office v. Hoogerwerf*, No. 02-05-00034-CV, 2005 WL 3436557, at *2 (Tex. App.—Fort Worth Dec. 15, 2005, no pet.) (mem. op.) ("Because the requirements are conjunctive, if the petitioning party does not satisfy sections (A), (B), and (C), the evidence is legally insufficient to show strict compliance with Article 55.01.") (citations omitted).

[7]*See* Tex. Penal Code Ann. § 21.02(g)(1).

defense was therefore not available to Appellant.[8]  Consequently, the trial court did not err by refusing to instruct the jury on the affirmative defense.  We overrule Appellant's first point.

In his second point, Appellant contends that the trial court erred by denying his motion for instructed verdict.  A challenge to the denial of a motion for instructed verdict is actually a challenge to the sufficiency of the evidence.[9]  The defendant has the burden of proving an affirmative defense by a preponderance of the evidence.[10]  Because there is no evidence to satisfy the requirement that Appellant's age not exceed the complainant's age by more than five years,[11] he did not meet that burden.  Accordingly, the trial court did not err by denying his motion for an instructed verdict.  We overrule Appellant's second point.

Having overruled Appellant's two points, we affirm the trial court's judgment.

---

[8]*See Franklin*, 2013 WL 2631167, at *4; *Castaneda*, 2008 WL 4916372, at *4.

[9]*Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1051 (2003).

[10]Tex. Penal Code Ann. § 2.04(d) (West 2011).

[11]*See id.* § 21.02(g)(1).

5

                                        /s/ Lee Ann Dauphinot
                                        LEE ANN DAUPHINOT
                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 26, 2014