In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00209-CR


______________________________




IBNBILAL RAHEEM RASOOL, A/K/A DON MOLDEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 04F0636-202




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Ibnbilal Raheem Rasool, a/k/a Don Molden, appeals from his conviction by a jury for
possession of less than one gram of cocaine. He was sentenced to two years in a state-jail facility
and a $1,000.00 fine. (1) Rasool contends on appeal that the evidence is insufficient to support his
conviction, that the court erred in refusing his requested jury instruction on "mere presence" near the
controlled substance, and in overruling his objection to cross-examination of Rasool by the State
about a collateral matter. We affirm the judgment of the trial court.

Background Facts

 At 4:30 a.m. on March 20, 2004, Rasool was spotted by police driving at a high rate of speed
(eighty m.p.h. in a sixty m.p.h. zone) on the interstate, in a rental car missing a license plate. A
female passenger was in Rasool's vehicle. Officer Mike Jones stopped Rasool, and Officer Shane
Daniel responded as a back-up patrolman. Rasool identified himself and informed Jones that his
Arkansas driver's license had been suspended, and that he had not rented the car--his wife had. 
Based on Rasool's consent, officers searched the vehicle and found inside the console a baggie they
believed contained cocaine residue. After Rasool was taken into custody, officers found a second
baggie, containing a white substance, on the ground in the place where Rasool had been standing. 
Although several officers were nearby, and Rasool was "patted down," no one saw him drop the
second baggie. 

 Claybion Cloud testified as a forensic chemist for the State. Cloud testified that he tested the
heavier of the two bags and that it contained less than a gram of cocaine. Officer Jones testified the
bag from the vehicle's console field-tested positive for cocaine, but Cloud did not analyze the
contents of that baggie.

Sufficiency of the Evidence 

 Rasool first contends that there was insufficient evidence to support the conviction because
there was nothing to show that he was in possession of the controlled substance.

 In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In a factual sufficiency review, we view all the evidence in a neutral light and
determine whether the evidence supporting the verdict is so weak that the jury's verdict is clearly
wrong and manifestly unjust or whether the great weight and preponderance of the evidence is
contrary to the verdict. Id.; see Watson v. State, No. PD-469-05, 2006 Tex. Crim. App. LEXIS 2040
(Tex. Crim. App. Oct. 18, 2006); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).

 Rasool first contends the evidence is insufficient because the evidence does not adequately
connect him with the contraband. He was not charged as a party; thus, any conviction rests
necessarily only on his own guilt, not on any possible guilt by association. 

 The "affirmative links rule" is designed to protect the innocent bystander from conviction
based solely on fortuitous proximity to someone else's drugs. This rule simply restates the
common-sense notion that a person--such as a father, son, spouse, roommate, or friend--may jointly
possess property like a house, but not necessarily jointly possess the contraband found in that house. 
Thus, the rule that "[w]hen the accused is not in exclusive possession of the place where the
substance is found, it cannot be concluded that the accused had knowledge of and control over the
contraband unless there are additional independent facts and circumstances which affirmatively link
the accused to the contraband." Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). (2)

 Rasool gave his correct name, he immediately admitted that his license was suspended, he
immediately stopped the vehicle, he acknowledged speeding, and made no furtive gestures. It
appears that he was shivering on a crisp March morning, with misting rain, before sunrise, but even
when "patted down," officers found nothing. No one saw him drop anything, and they were in a
location lit by highway lights, various police headlights, and emergency lights. A videotape was
operating, but Rasool had been moved beyond the camera's view. 

 While Jones was searching the automobile, Rasool was attended by Daniel as he was
standing on the side of the road. As it was a cool, early morning, Rasool was allowed to place his
arms inside his shirt for warmth. After the search of the vehicle, Rasool was placed in custody in
a police car based on the police officers' belief that he was in possession of the small amount of
cocaine found in the vehicle. Daniel then walked back to the place that Rasool had been standing
and found on the ground a small baggie, eventually determined to contain cocaine. The baggie was
found on the exact spot where Rasool had been standing. Daniel testified the baggie and its contents
were warm and dry, which caused him to conclude the baggie had been outside in the cool, moist
environment for only a short time. Having allowed Rasool to place his arms inside his shirt, his
actions were not as visible as they might otherwise have been. Based on these facts, the officers
believed Rasool had dropped the baggie during the time he was standing by Daniel with his arms
inside his shirt. 

 There was also evidence that a baggie--which field tested as having residue of cocaine--was
found inside the center console of the vehicle. Although Rasool argues he did not have access to the
console--because the female was sitting on it, we also recognize the console was at least as
accessible to him as it was to her and Rasool was in control of the vehicle. Rasool also suggests that
because the baggie on the ground was found on the passenger side of Rasool's vehicle, and quite
close to it, the female could have thrown the baggie out the window. This is certainly another theory
for the jury's consideration, but the jury could have reasonably determined otherwise. Rasool
correctly points out that a large number of vehicles come down the highway daily and that the baggie
could have come from any one of those vehicles. Although that is certainly possible, we also
recognize that there was evidence to show it had been on the ground very briefly, and the jury could
reasonably conclude it was highly unlikely that Rasool would stand on the precise place where some
passerby threw out a baggie of cocaine. 

 Does this evidence allow a rational juror to conclude Rasool possessed the baggie containing
cocaine and dropped it without the officers seeing it occur? This is a classic example of a jury being
allowed to form a conclusion based on circumstantial evidence. Clearly, the evidence presented an
issue for the jury's consideration as to whether Rasool possessed the substance. However, the jury
was not required to believe Rasool's explanation and was authorized to infer that Rasool possessed
the substance. The jury weighed the evidence and the alternative explanations, and concluded
Rasool possessed the drugs found by the police. "Under federal and Texas law, juries trump both
trial and appellate judges on weight-of-evidence determinations." Evans v. State, No. PD-1911-05,
2006 Tex. Crim. App. LEXIS 1815, at *13 (Tex. Crim. App. Sept. 20, 2006). In Evans, the Texas
Court of Criminal Appeals determined that the most important link between the defendant and the
cocaine rocks was the simple fact that the defendant was sitting directly in front of them. This is
extremely strong evidence of "presence" and "proximity" links. Id. at *12. Here, the most important
link between Rasool and the substance is that the substance was located on a roadside at the very
place Rasool had been standing minutes before. This is strong evidence of the presence, proximity,
and accessibility links. Additionally, inside the vehicle he was driving and over which he had
control, officers found a baggie which was shown by a field test to contain traces of cocaine.

 These factors link Rasool to the contraband, and the jury found them sufficient to convict. 
In our review, we find that the evidence is sufficient to allow the jury to conclude that the baggie
belonged to Rasool. The evidence is factually and legally sufficient to support the verdict. 

Jury Charge Instruction

 Rasool next contends the trial court erred by refusing to submit his suggested jury instruction
about "mere presence" in the jury charge. The record contains a written request as follows: (after
noting that Rasool was accompanied by the woman and that no contraband was found on his person)
"The defendant objects to the charge of this court not including a paragraph stating mere presence
is not sufficient to convict." 

 The State takes the position that this argument is necessarily connected only with the concept
of criminal culpability as a party and that merely articulating the words did not bring the court's
attention adequately to the issue now raised on appeal. We first note that a long line of cases have
held in nonaccomplice scenarios that mere presence at the scene is insufficient to establish unlawful
possession of an item, but evidence which affirmatively links the defendant to the item will suffice
to prove that he or she possessed it knowingly. Id. at *7 n.9; Harris v. State, 994 S.W.2d 927, 933
(Tex. App.--Waco 1999, pet. ref'd). Thus, the term is not one unique to determinations of criminal
responsibility of a party to the offense. We further recognize that the State must indeed prove more
than mere presence near contraband in order for the evidence to be sufficient to support a conviction. 
See Smith v. State, 118 S.W.3d 838, 843 (Tex. App.--Texarkana 2003, no pet.). 

 That said, in this case, the colloquy before the court when the request was made makes it
clear that the only thing in the trial court's (or the two arguing prosecutors') minds when the verbal
request was made was whether there were allegations that Rasool was guilty as a party. However,
defense counsel stated: "My argument is that there were two people in the vehicle, and mere
presence alone doesn't constitute possession." (3) 

 It is apparent that there was some confusion about exactly what Rasool was attempting to
obtain, but it was arguably sufficient to bring the issue now raised before this Court to the trial
court's attention, thus preserving the claimed error for review. 

 We recognize that an accused has the right to an instruction on any defensive issue raised by
the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless
of what the trial court may or may not think about the credibility of the defense. Hamel v. State, 916
S.W.2d 491, 493 (Tex. Crim. App. 1996); Miller v. State, 815 S.W.2d 582, 585 (Tex. Crim. App.
1991). This is not a defensive issue. Although it is a correct statement of the law, it is also a denial
of an essential element of the State's case--knowing possession. (4) The denial of a defendant's
requested instruction is not error where the requested instruction is merely an affirmative submission
of a defensive issue which merely denies the existence of an essential element of the State's case. 
Green v. State, 566 S.W.2d 578, 584 (Tex. Crim. App. 1978); Goodrich v. State, 156 S.W.3d 141,
147 (Tex. App.--Dallas 2005, pet. ref'd); Cox v. State, 843 S.W.2d 750, 757 (Tex. App.--El Paso
1992, pet. ref'd).

 Rasool quotes McShane v. State, 530 S.W.2d 307 (Tex. Crim. App. 1975), for the proposition
that a defendant is entitled to a charge on the defensive theory of mere presence and the failure of
the court to so charge is error. However, the rationale of the McShane case has been questioned. 
In Parker v. State, 713 S.W.2d 386, 390 (Tex. App.--Corpus Christi 1986, no pet.), the trial court
refused a jury instruction that "[m]ere presence alone does not constitute a crime." In affirming the
trial court, the Corpus Christi court explained that McShane was questionable authority in light of
Sanders v. State, 707 S.W.2d 78 (Tex. Crim. App. 1986), which held that, if the alleged defensive
theory merely negates an element of the offense, no affirmative charge must be given. Parker, 713
S.W. 2d at 389. (5) We agree with the analysis of McShane by the Corpus Christi court in Parker. 

 The contention of error is overruled.

Impeachment on Collateral Matter

 Rasool next contends the trial court committed reversible error by overruling his objection
to the State's cross-examination about a collateral matter: his intoxication at the time of the traffic
stop. It appears that the first mention of possible intoxication came when the State, on cross-examination, asked Rasool if he had been consuming alcohol that evening, in a series of four
questions and answers before counsel objected. The only complaint raised was that the questioning
was outside the record. 

 That argument is not the issue raised on appeal. For a contention to be raised on appeal, it
must have been raised at trial by objection. Error is not preserved for review if it varies from the
objection. Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). The point of error on appeal
must correspond to the objection made at trial before this Court may consider it. See Wilson v. State,
71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Counsel now contends that testimony referring to any
level of intoxication was a collateral matter not broached by the defendant and should not have been
admitted. See Surredin v. State, 165 S.W.3d 751, 754 (Tex. App.--San Antonio 2005, no pet.). 
Even if the argument is correct, that issue is not the same complaint raised before the trial court and
is not properly before us. The contention of error is overruled.

 We affirm the judgment.




 Jack Carter

 Justice


Date Submitted: November 2, 2006

Date Decided: November 3, 2006


Do Not Publish


1. This case illustrates the problems presented by a delay in filing appellate documents. Rasool
was sentenced August 31, 2005, after evidence was presented on that day. The trial lasted until
3:40 p.m. including the guilt/innocence and punishment hearings, jury deliberations, and sentencing.
The record of the trial consists of 150 transcribed pages. Rasool is not free on bail pending appeal. 
The notice of appeal was filed within thirty days of the sentence. The court reporter was granted one
thirty-day extension, and the reporter's record was filed 150 days after sentence was imposed, on
January 30, 2006. The appellant's brief was filed June 7, after three thirty-day extensions. The State
also sought three thirty-day extensions. Two were granted, and on the final request, we ordered the
State to file its brief, to be received no later than October 6. Instead, the State mailed its brief on that
date. It was received and ultimately filed by this Court October 10. Rasool was given credit for
approximately four months served in the county jail. Thus, Rasool served more than eighteen
months of a two-year sentence before his appeal was even ready to be considered by this Court. Six
months of the delay in this case was caused by counsel for both appellant and the State seeking
extensions on briefing. We have now altered the procedures of this Court in an effort to ensure that
such delays do not occur again.
2. Recognized factors include whether: (1) the contraband was in plain view or recovered from
an enclosed place; (2) the accused was the owner of the premises or the place where the contraband
was found; (3) the accused was found with a large amount of cash; (4) the contraband was
conveniently accessible to the accused; (5) the contraband was found in close proximity to the
accused; (6) a strong residual odor of the contraband was present; (7) the accused possessed other
contraband when arrested; (8) paraphernalia to use the contraband was in view, or found on the
accused; (9) the physical condition of the accused indicated recent consumption of the contraband
in question; (10) conduct by the accused indicated a consciousness of guilt; (11) the accused
attempted to flee; (12) the accused made furtive gestures; (13) the accused had a special connection
to the contraband; (14) the occupants of the premises gave conflicting statements about relevant
matters; (15) the accused made incriminating statements connecting himself or herself to the
contraband; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious
area under suspicious circumstances. Lassaint v. State, 79 S.W.3d 736, 740-41 (Tex. App.--Corpus
Christi 2002, no pet.); Kyte v. State, 944 S.W.2d 29, 31-32 (Tex. App.--Texarkana 1997, no pet.).

 There is no requisite number of "affirmative links." Rather, it is the "logical force the factors
have in establishing the elements of the offense" that is important. See generally King v. State, 895
S.W.2d 701 (Tex. Crim. App. 1995); see, e.g., Gilbert v. State, 874 S.W.2d 290, 298 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd).
3. We also note that the trial court believed that such an instruction would lead to "confusion
to the jury and also puts an additional burden on the State that they don't have to carry otherwise."
4. As a part of its case-in-chief, the State must prove the defendant knowingly possessed the
controlled substance. Mere presence at the scene is not sufficient to establish unlawful possession
of a controlled substance, but evidence which affirmatively links the defendant to the substance will
suffice to prove knowing possession. McGoldrick v. State, 682 S.W.2d 573, 578-79 (Tex. Crim.
App. 1985). So affirmative links are used to determine the sufficiency of the evidence for possession
convictions. See Collins v. State, 901 S.W.2d 503, 506 (Tex. App.--Waco 1994, pet. ref'd). These
links are specific facts and circumstances surrounding the defendant's possession, other than mere
presence of drugs, which raise a reasonable inference of the accused's knowledge and control of the
contraband. Harris, 994 S.W.2d at 933. If the court finds the evidence is insufficient to connect 
the defendant to a knowing possession of the illegal substance, the State has failed to prove an
essential element of the offense. 
5. Although the broad language of Sanders--that all defenses include confession and
avoidance--has been disavowed, Willis v. State, 790 S.W.2d 307, 314 (Tex. Crim. App. 1990), it
is established that, where the non-penal code defensive theory merely negates an essential element
of the State's case, as opposed to justifying or excusing the culpable conduct, the denial of a jury
instruction thereon is not error. Holliman v. State, 879 S.W.2d 85, 87 (Tex. App.--Houston [14th
Dist.] 1994, no pet.).


084-CV%20City%20of%20Carthage%20v.%20Bailey%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-084-CV%20City%20of%20Carthage%20v.%20Bailey%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-084-CV%20City%20of%20Carthage%20v.%20Bailey%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-084-CV%20City%20of%20Carthage%20v.%20Bailey%20FINAL%20mtd_files/header.htm") f2;
 mso-first-header:url("6-11-084-CV%20City%20of%20Carthage%20v.%20Bailey%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-084-CV%20City%20of%20Carthage%20v.%20Bailey%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00084-CV

                                                ______________________________

 

 

                CITY OF CARTHAGE, CARSON JOINES, JOHN
COOKE,

IDA BECK, AND OLIN
JOFFRION, Appellants

 

                                                                V.

 

                                           VICKIE BAILEY, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                          Trial Court
No. 2010-023

 

                                                                                                   

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Appellants,
City of Carthage, Carson Joines, John Cooke, Ida Beck, and Olin Joffrion, have
filed with this Court a motion to dismiss the pending appeal in this
matter.  Appellants represent to this
Court that the parties have reached a full and final settlement.  In such a case, no real controversy exists,
and in the absence of a controversy, the appeal is moot.

            We
grant the motion and dismiss this appeal.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date
Submitted:          October 31, 2011

Date
Decided:             November 1, 2011