

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0561-18

### LISANDRO BELTRAN DE LA TORRE, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS COLORADO COUNTY

**SLAUGHTER, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

This case concerns a challenge to the trial court's jury instructions in a drug possession prosecution where several individuals were in close proximity to the drugs. In his petition for discretionary review, Lisandro Beltran De La Torre, Appellant, contends that the court of appeals erred by rejecting his two complaints of jury-charge error. First, he contends that the court of appeals incorrectly upheld the trial judge's decision to give a non-statutory instruction on "joint possession," informing the jury that "two or more people can

possess the same controlled substance at the same time." Second, he contends that the court of appeals further erred by upholding the trial judge's denial of his request for an instruction on "mere presence," which would have informed the jury that a person's mere presence at a location where drugs are found is insufficient to demonstrate possession.

We hold that both the joint-possession instruction and the proposed mere-presence instruction constitute improper comments on the weight of the evidence and should not be included in the jury charge. Thus, by upholding the trial court's inclusion of the joint-possession instruction the court of appeals erred, but it was correct to uphold the trial court's refusal of the mere-presence instruction. Accordingly, we reverse the court of appeals' judgment due to its error regarding the joint-possession instruction and remand this case to the court of appeals for a harm analysis.

## Background

Two officers from the Columbus Police Department responded to a mid-morning call about people suspected of drinking alcohol inside a parked car at the Department of Public Safety driver's license office. The officers, Anthony Axel and Jose Lara, approached the car and observed three occupants inside—Appellant in the driver's seat, a female in the front passenger seat, and a second female passenger in the back seat. The officers also saw a man standing outside the vehicle on the passenger's side. That man was asked to sit down nearby, but he was not questioned and later walked away from the scene.

Officer Lara, while standing at the driver's door, noticed a small plastic bag

containing a powdery substance on the car's center console. Suspecting that the bag contained a controlled substance, Officer Lara asked Appellant and the female passengers to step out of the car. Officer Lara detained the female passengers while Officer Axel detained Appellant behind the vehicle.

Officer Axel testified that Appellant smelled of alcohol, had bloodshot eyes, and appeared to have not slept in a day or more. Both officers stated that Appellant had dilated pupils, which they believed based on their training and experience indicated the use of narcotics. The officers removed the bag with the white powdery substance and field tested it. The test yielded a positive result for cocaine. Appellant and the two female passengers were then arrested for possession of a controlled substance.

The white powdery substance was subsequently tested in a lab. The lab testing revealed that the bag contained .02 grams of cocaine. Appellant was charged with and tried for possession of less than a gram of cocaine.

At Appellant's jury trial, the State put on evidence of possession by showing that Appellant: was the registered owner of the vehicle; was in the driver's seat and had direct access to the cocaine located on the car's center console; and showed signs of having ingested narcotics. The State also argued to the jury that, even if Appellant was not in sole possession of the cocaine, he could have jointly possessed it along with the other occupants of the vehicle.

Appellant testified in his own defense. He claimed that the cocaine was not his, and

he had no knowledge of it being in his car. Appellant suggested that because there were three other people present at the time police arrived, including the man who was observed standing outside the vehicle, the drugs belonged to one of them.[1]

After the close of evidence, the jury was charged on the applicable statutory elements of possession of a controlled substance ("A person commits an offense if the person intentionally or knowingly possesses a controlled substance[.]").[2] The statutory definition of "possession" was also included ("'Possession' means actual care, custody, control, or management").[3] Immediately following the statutory definition of "possession," the jury charge included the non-statutory instruction on joint possession ("Two or more people can possess the same controlled substance at the same time."). Because the joint-possession instruction was included in the jury charge, at the charge conference, Appellant had requested an instruction on "mere presence." Appellant's oral request of a mere-presence instruction was not reduced to writing, but presumably the trial court understood this as a request to include the following language in the charge: "Mere presence at a place where narcotics are found is not enough to constitute possession." The trial court denied Appellant's request, and the mere-presence instruction was excluded.

---

[1]     Appellant testified that this man was an acquaintance named "Leo." According to Appellant, Leo had been in the back seat of the car until shortly before the police arrived. Officers Lara and Axel also testified about their brief interactions with the man standing outside the car. According to Officer Lara, the man denied being associated with Appellant and the two women passengers.

[2]     *See* TEX. HEALTH & SAFETY CODE § 481.115.

[3]     TEX. HEALTH & SAFETY CODE § 481.002(38).

The jury returned a guilty verdict, and the trial court sentenced Appellant to two years in state jail, probated for three years. Appellant appealed.

## The Court of Appeals' Opinion

On direct appeal, Appellant challenged both the inclusion of the joint-possession instruction and the denial of the mere-presence instruction. Appellant contended that the trial court's inclusion of the joint-possession instruction impermissibly added to the statutory definition of possession and drew the jury's attention to the State's theory that he had jointly possessed the cocaine along with the other occupants of the vehicle. On this basis, Appellant argued that the instruction was an improper comment on the weight of the evidence.

Regarding the trial court's denial of his requested mere-presence instruction, Appellant argued that by including a joint-possession instruction, the trial court was then also required to include his requested instruction to clarify for the jury that a person who is merely present at a location where drugs are found is not automatically deemed to be in possession of those drugs. The court of appeals rejected both of Appellant's complaints. *Beltran De La Torre v. State*, 546 S.W.3d 420, 426-27 (Tex. App.—Houston [1st Dist.] 2018) (concluding that possession has an "established legal meaning[ ]" that includes the concept of joint possession, and thus instruction informing jurors of that meaning was proper; but instruction on mere presence was properly refused because it was non-statutory defensive theory that merely "negated elements of the charged offense").

We granted Appellant's petition for discretionary review on two grounds: (1) Whether

the court of appeals erred in holding the trial court did not improperly comment on the evidence by providing a jury instruction on joint possession that added to the statutory definition of possession; and (2) Whether the court of appeals erred in alternatively holding it was not error to refuse Appellant's requested jury instruction on mere presence while holding the jury instruction on joint possession was appropriate.

## Applicable Law

"The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). A trial judge must maintain neutrality in providing such information and guidance. *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003). He or she may not express any opinion on the weight of the evidence or draw the jury's attention to particular facts. *Id.* at 798, 801. To accomplish this neutrality, Article 36.14 of the Texas Code of Criminal Procedure provides that a jury charge: (1) must be in writing; (2) must "distinctly set[] forth the law applicable to the case;" (3) cannot "express[] any opinion as to the weight of the evidence"; (4) may "not sum[] up the testimony"; and (5) cannot "discuss[] the facts or us[e] any argument in [the] charge calculated to arouse the sympathy or excite the passions of the jury." TEX. CODE CRIM. PROC. art. 36.14. This rule is designed to prevent a jury from interpreting a judge's comments as a judicial endorsement or imprimatur for a particular outcome. *See Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008) ("[A] trial court should avoid any allusion in the jury charge to a particular fact in evidence, as the jury might

construe this as judicial endorsement or imprimatur.").

To ensure compliance with Article 36.14, a trial judge should, as a general rule, avoid including non-statutory instructions in the charge because such instructions frequently constitute impermissible comments on the weight of the evidence. *See Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2007). "[S]pecial, non-statutory instructions, even when they relate to statutory offenses or defenses, generally have no place in the jury charge." *Id.*; *see also Kirsch v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012) (same). Even a judge's innocent attempt to provide clarity for the jury by including a neutral instruction can result in an impermissible comment on the weight of the evidence because the instruction "'singles out a particular piece of evidence for special attention,'" which the jury may then focus on as guidance from the judge. *Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000) (quoting *Matamoros v. State*, 901 S.W.2d 470, 477 (Tex. Crim. App. 1995)).

Our holding in *Walters* provides the rule for trial judges to follow when considering whether the inclusion of a non-statutory jury instruction constitutes an impermissible comment:

> [G]enerally speaking, neither the defendant nor the State is entitled to a special jury instruction relating to a statutory offense or defense if that instruction (1) is not grounded in the Penal Code, (2) is covered by the general charge to the jury, and (3) focuses the jury's attention on a specific type of evidence that may support an element of an offense or a defense. In such a case, the non-statutory instruction would constitute a prohibited comment on the weight of the evidence.

*Walters,* 247 S.W.3d at 212.

The issue in *Walters* was whether the defendant was entitled to a non-statutory instruction informing the jury that it could consider prior verbal threats in deciding the issue of self-defense. *Id.* at 207. We held that the trial court had not erred by denying such an instruction because it would have constituted a prohibited comment on the weight of the evidence. *Id.* at 214. Applying the rule described above, we observed that the substance of the instruction was "covered by the self-defense charge given," and thus it was "simply unnecessary" and "fail[ed] to clarify the law for the jury." *Id.* at 212, 214. We further reasoned that the instruction "focuse[d] the jury's attention on a specific type of evidence that could support a finding of self-defense" and "improperly [told] the jury how to consider certain evidence before it." *Id.* at 213-14. Accordingly, we held that the defendant was not entitled to the instruction. *Id.* at 214.

Over the past two decades, both before and after *Walters*, we have been consistent in using essentially the same approach to non-statutory jury instructions. That is, we reject non-statutory instructions as improper comments on the weight of the evidence where such instructions are unnecessary to clarify the law and they also draw the jury's attention to a particular type of evidence. *See, e.g., Kirsch*, 357 S.W.3d at 652 (holding that an instruction defining "operate" in a DWI case was an impermissible comment on the weight of the evidence because it "improperly impinged on the jury's fact-finding authority by limiting the jurors' understanding of what evidence could constitute" the element of operating); *Bartlett*, 270 S.W.3d at 153-54 (rejecting an instruction stating that the jury could consider evidence

of the defendant's refusal to take a breath test in prosecution for DWI because such instruction served no function other than to "improperly tend to emphasize the evidence of the appellant's refusal to submit to a breath test," and had the potential to "obliquely or indirectly convey some [judicial] opinion on the weight of the evidence by singling out that evidence and inviting the jury to pay particular attention to it") (internal quotations omitted); *Brown*, 122 S.W.3d at 796, 802-03 (rejecting an instruction that "intent or knowledge may be inferred by acts done or words spoken" because while neutral, it focused the jury's attention on evidence that might support a finding of criminal intent, improperly told the jury how to consider certain evidence, and improperly instructed the jury on a rule of appellate evidentiary sufficiency review).

Although our recent cases are consistent in finding that non-statutory instructions are generally disfavored, this rule is not without exceptions. Specifically, we have recognized that a jury charge may properly include definitions for non-statutorily defined terms that "'have a known and established legal meaning, or which have acquired a peculiar and appropriate meaning in the law, as where the words used have a well-known common law meaning.'" *Green v. State*, 476 S.W.3d 440, 445 (Tex. Crim. App. 2015) (quoting *Kirsch*, 357 S.W.3d at 650);[4] *see also Medford v. State*, 13 S.W.3d 769, 772 (Tex. Crim. App. 2000); *Grotti v. State*, 273 S.W.3d 273, 281 (Tex. Crim. App. 2008) ("Terms which have a technical

---

[4]     In *Green*, we held that this exception for technical definitions was inapplicable. *Green*, 476 S.W.3d at 445-46. Instead, we applied reasoning similar to that in *Kirsch* to reject a trial court's instructions defining "penetration" and "female sexual organ" in a prosecution for aggravated sexual assault. *Id.*

or legal meaning may require an explicit definition."). Such terms are "'considered as having been used in their technical sense,' and, therefore, it is not error for the trial court to include in its instructions 'a precise, uniform definition' to guide the jury's deliberations." *Green*, 476 S.W.3d at 445 (quoting *Medford*, 13 S.W.3d at 772). An instruction is particularly appropriate "when there is a risk that the jurors may arbitrarily apply an inaccurate definition to the term or where an express definition of the term is required to assure a fair understanding of the evidence." *Grotti*, 273 S.W.3d at 281; *see, e.g., Medford,* 13 S.W.3d at 772 (stating that where a defendant is on trial for the offense of escape, a definition of "arrest" should be included in the jury charge despite the lack of an applicable statutory definition for that term because "'[a]rrest' is a technical term possessing a long, established history in the common law, and it would be inappropriate if jurors arbitrarily applied their personal definitions of arrest").

I.    **Under the applicable law, both the joint-possession and mere-presence instructions were improper.**

The jury instructions at issue in this case are: (a) the included instruction on joint possession, and (b) the proposed but rejected instruction on mere presence. As discussed below, both of these instructions are improper comments on the weight of the evidence because each was unnecessary to clarify the applicable law and drew the jury's attention to evidence supporting a particular party's theory of the case. *See Walters*, 247 S.W.3d at 212.

A.    **The joint-possession instruction was an improper comment on the weight of the evidence.**

As noted above, the trial court included in the jury charge the following instruction on joint possession: "Two or more people can possess the same controlled substance at the same time." This instruction: (1) was unnecessary because the statutory definition of "possession" is broad enough to encompass the concept of joint possession; and (2) drew the jury's attention to evidence that would support the State's argument that Appellant possessed the drugs along with the other individuals in the vehicle. The instruction, therefore, amounts to an improper comment on the weight of the evidence.

This non-statutory instruction, while substantively correct, was unnecessary because the general charge left ample room for the parties to argue the concept of joint possession. The jury charge included the applicable statutory definition of possession. *See* TEX. HEALTH & SAFETY CODE § 481.002(38) ("'Possession' means actual care, custody, control, or management."). While this statutory definition does not expressly mention the possibility of simultaneous possession of the same narcotics by multiple people, neither does it preclude such a theory of joint possession. The State was free to argue the concept of joint possession—that is, that Appellant exercised "actual care, custody, control, or management" over the drugs along with the other individuals present. But the State was not entitled to a special, non-statutory instruction emphasizing to the jury that such a conclusion would be permissible. Under these circumstances, the instruction was "simply unnecessary" to clarify the applicable law on possession, which was adequately covered by the charge on the statutory definition of possession. *Walters*, 247 S.W.3d at 214.

The joint-possession instruction also drew the jury's attention to evidence that would support a finding that Appellant jointly possessed the drugs along with the other individuals present. By highlighting one particular path to establishing the element of possession (e.g., through a finding of joint possession by multiple individuals), the instruction focused the jury's attention on that particular type of evidence and impermissibly guided the jury's assessment of the evidence of possession. *See Brown*, 122 S.W.3d at 801. This instruction could have been viewed by the jury as "obliquely or indirectly" conveying the trial court's opinion of the evidence by "singling out" the State's theory of joint possession and "inviting the jury to pay particular attention to it." *Id.*; *see also Bartlett*, 270 S.W.3d at 154. Thus, the non-statutory instruction was both unnecessary to clarify the applicable law and impermissibly focused the jury's attention on a particular theory of the evidence, in violation of the prohibition against comments on the weight of the evidence. *See Walters*, 247 S.W.3d at 212.

In defending the inclusion of the joint-possession instruction, the State Prosecuting Attorney argues two main points with which the court of appeals agreed in its analysis. First, the SPA argues that the term "possession" has acquired a technical legal meaning that includes the concept of joint possession, such that an instruction defining "joint possession" is permissible under our reasoning in *Medford*. Second, the SPA argues that without the joint-possession instruction, jurors may be confused and believe that the statutory definition of "possession" requires proof of exclusive possession. Unlike the court of appeals, we are

unpersuaded by such arguments.

To the first point, the joint-possession instruction at issue here does not fall within the type of permissible technical instructions that we approved of in *Medford*, 13 S.W.3d at 772 (approving of non-statutory instruction defining technical term "arrest"). As an initial matter, we question whether this instruction is properly understood as providing a definition at all—it does not refine or change the meaning of what constitutes possession; it simply tells the jury that possession is something multiple people can do at the same time. Even if we were to agree that the instruction here operates as a definition, we would nevertheless conclude that the *Medford* rule does not apply.

*Medford* permitted non-statutory instructions for *undefined* statutory terms that have acquired a technical meaning in the law. Here, the term at issue, "possession," is statutorily defined. Even accepting that "possession" is a legal term of art that includes the concept of joint possession, the Legislature has already provided the applicable technical definition for that term. *See Christian v. State,* 686 S.W.2d 930, 932 (Tex. Crim. App. 1985) ("The Legislature has given a technical meaning to the term 'possession:' 'actual care, custody, control, or management.'"). The jury was properly charged on this statutory definition, and it was not for the trial court to add to the Legislature's definition by supplementing it with an instruction on joint possession. The rule in *Medford* permitting definitions for technical legal terms is inapplicable here.

To the second point that jurors may mistakenly believe that the statutory definition of

possession requires proof of exclusive possession such that a clarifying instruction is necessary, we reiterate that the State was free to argue that the statutory definition of "possession" includes the concept of "joint possession." No additional definition was necessary.

We understand the SPA's concern about possible jury confusion and are not entirely unsympathetic, but this concern does not justify submission of a special, non-statutory instruction on joint possession. The SPA's argument is based on the speculative assertion that jurors will not apply the statutory definition of possession as it is written. Such an assertion runs contrary to the principle that "[w]e generally presume the jury follows the trial court's instructions in the manner presented." *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998); *see also Casanova v. State*, 383 S.W.3d 530, 543 (Tex. Crim. App. 2012) (we usually presume "that jurors follow the trial court's explicit instructions to the letter"). While it is true that the charge must prevent confusion, *see Hutch*, 922 S.W.2d at 170, there is nothing indicating that, in reality, jurors are likely to be confused about whether "actual care, custody, control, or management" means "*exclusive* care, custody, control, or management," such that a clarifying instruction would be needed. In fact, on the contrary, our cases reflect that juries have properly applied the statutory definition of "possession" in convicting defendants where joint possession was an issue.[5] Such cases demonstrate that

---

[5] *See, e.g., Tate v. State,* 500 S.W.3d 410 (Tex. Crim. App. 2016) (jury convicted defendant of possession of a controlled substance under circumstances showing joint possession of drugs by multiple individuals in a car); *Blackman v. State*, 350 S.W.3d 588 (Tex. Crim. App. 2011) (same).

juries are capable of understanding the concept of joint possession even without a special, non-statutory instruction on that issue. Thus, it is the State's job, and not the trial judge's job, to emphasize the concept of joint possession to the jury.

In sum, the trial court's instruction on joint possession was unnecessary because the general charge to the jury was broad enough to encompass the concept of joint possession. The jury here was properly charged on the statutory definition of possession, and no other instruction was required to inform the jury of the applicable law for that statutory element. Although the State was free to argue to the jury that Appellant jointly possessed the drugs along with the other occupants of the vehicle, it was not entitled to a special instruction highlighting its theory of joint possession. The trial court's instruction impermissibly drew the jury's attention to the possibility that Appellant had jointly possessed the drugs, and further could have been interpreted by the jury as implicitly signaling the trial court's belief that the evidence established the element of possession. The instruction, therefore, was an impermissible comment on the weight of the evidence, and the court of appeals erred in holding otherwise.

**B.      Appellant's requested instruction on mere presence would have been a comment on the weight of the evidence and thus was properly refused.**

Once the trial court included the joint-possession instruction, defense counsel requested, but was refused, a mere-presence instruction. While defense counsel did not submit a written request, presumably the instruction he sought was: "Mere presence at a

place where narcotics are found is not enough to constitute possession." Such an instruction would have been improper, just as the joint-possession instruction was improper, because it: (1) was unnecessary to clarify the applicable law when the statutory definition of "possession" ("actual care, custody, control, or management") adequately informed the jury that mere presence is not enough to establish the element of possession; and (2) focused the jury's attention on Appellant's defensive evidence supporting his position that he did not possess the drugs. Thus, the court of appeals properly upheld the trial court's refusal of the instruction.

First, the statutory definition of "possession" was adequate to convey to the jury that a person's mere presence at a place where narcotics are found is not enough to constitute possession. A person who is merely present at the scene where narcotics are found does not exercise "actual care, custody, control, or management" over the drugs. A mere-presence instruction would simply state the opposite of, or negate, the element of possession and is wholly unnecessary. *See Bartlett*, 270 S.W.3d at 154 (discussing as improper comment an instruction that did not "inform the jury of anything it [did] not already know" and did "nothing to clarify the law"). Such an instruction also runs counter to the principle that a defendant is not entitled to special instructions on non-statutory defensive issues that go no further than to negate an element of the State's case. *See Walters,* 247 S.W.3d at 209 ("[I]f the defensive theory is not explicitly listed in the penal code—if it merely negates an element in the State's case, rather than independently justifying or excusing the conduct—the trial

judge should not instruct the jury on it."); *see also Giesberg v. State,* 984 S.W.2d 245, 250 (Tex. Crim. App. 1998).[6]

Second, a mere-presence instruction would focus the jury's attention on evidence supporting Appellant's defensive theory that he was unaware of the drugs, and they belonged to someone else. This would be an instruction from the trial judge that would improperly emphasize one possible view of the evidence. *See, e.g., Kirsch,* 357 S.W.3d at 652 (instruction improper if it "impermissibly guide[s]" jury's consideration of evidence and "improperly focuses the jury" on certain evidence); *Brown,* 122 S.W.3d at 802 (instruction may not "focus the jury's attention on the type of evidence that may support a finding" on a statutory element). Thus, the mere-presence instruction would amount to an impermissible comment on the weight of the evidence. *See Walters*, 247 S.W.3d at 212. Accordingly, Appellant was not entitled to a special, non-statutory instruction emphasizing that particular theory as a possible avenue for acquittal. We therefore uphold the court of appeals' decision finding no error in the trial court's refusal to instruct the jury on mere presence.

## Conclusion

---

[6]     In a 1975 decision, this Court did indicate that where the appellants raised the defensive theory of "mere presence," they "were entitled to a charge on this defensive issue," and it was error for the court not to include the requested instruction. *McShane v. State,* 530 S.W.2d 307, 308 (Tex. Crim. App. 1975); *but see Dabbs v. State*, 507 S.W.2d 567, 570 (Tex. Crim. App. 1974) (reaching opposite conclusion from *McShane* and holding that mere presence was adequately covered by general charge). After *McShane*, this Court decided *Giesberg*, which established that a defendant is not entitled to an instruction on a defensive issue "which is not recognized by the Legislature as either a defense or as an affirmative defense" and "merely negate[s] an element of the offense." 984 S.W.2d 245, 250 (Tex. Crim. App. 1998). Therefore, in light of *Giesberg* and subsequent cases affirming this rule, *McShane* is no longer good law for the proposition that a defendant is entitled to a mere-presence instruction.

Although we agree with the court of appeals that the instruction on mere presence was not required here and was properly refused, we disagree with its conclusion upholding the instruction on joint possession.[7] The joint-possession instruction was unnecessary, impermissibly focused the jury's attention on particular evidence, and thus constituted an improper comment on the weight of the evidence. Therefore, the trial court's charge was erroneous. We reverse the judgment of the court of appeals and remand this case for a harm analysis on the joint-possession instruction. *See Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985).

Delivered: September 18, 2019

Publish

---

[7] We acknowledge that, in rejecting both instructions as improper comments on the weight of the evidence, we part ways with the recommendations of the Texas Committee on Pattern Jury Charges. *See* Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Criminal Pattern Jury Charges*: *Intoxication, Controlled Substance & Public Order Offenses* PJC 41.6 (2019) (suggesting that instructions on "joint possession" and "mere presence" are permissible when raised by the facts). As the Committee recognizes, there is "clear tension" between our older cases that were more permissive in allowing non-statutory instructions and our "later emphasis on the need to avoid commenting on the evidence." *Id.* Applying our more recent decisions to the situation at hand here, for all of the reasons discussed above, the instant instructions fall within the category of improper emphasizing/highlighting instructions that we have consistently rejected as impermissible judicial comments. *See, e.g., Kirsch*, 357 S.W.3d at 652; *Bartlett*, 270 S.W.3d at 152; *Brown*, 122 S.W.3d at 802.